Juan Gonzalez BARRAJAS, Appellant,

v.

VIA METROPOLITAN TRANSIT AU-
THORITY, Robert Martin Rivera, and
Charles Frederick Brittain, Appellees.

No. 04–96–00183–CV.

Court of Appeals of Texas,
San Antonio.

April 9, 1997.

Robert E. Valdez, Robert E. Valdez, P.C.,
San Antonio, for appellant.

Ricardo R. Reyna, Escamilla & Poneck,
Inc., Sunny J. Jansma, Wallace B. Jefferson,
Crofts, Callaway & Jefferson, P.C., San An-
tonio, for appellees.

Before STONE, GREEN and DUNCAN, JJ.

GREEN, Justice.

Juan Gonzalez Barrajas appeals from a jury verdict awarding him $2,510.25 for the damages he suffered following a bus accident. In three points of error, he challenges the verdict on factual sufficiency grounds.

On June 1, 1993, Barrajas was riding on a bus owned by VIA Metropolitan Transit Authority when the bus was bumped from the rear by a VIA trolley travelling at approximately five miles per hour. The driver of the bus was Robert Martin Rivera, and Charles Frederick Brittain drove the trolley. Barrajas sued VIA, Rivera, and Brittain ("VIA") for his personal injuries. At trial, VIA stipulated to liability for the accident, leaving only damages at issue. In response to the court's charge instructing the jury to consider both past and future damages, the jury awarded Barrajas $200 for physical pain and mental anguish, $120 for loss of earning capacity, $0 for physical impairment, and $2190.25 for medical care. The trial court entered judgment in accordance with the jury's verdict. Barrajas filed a motion for new trial, which was overruled by operation of law.

On appeal, Barrajas contends that the jury's award for medical expenses was too low. In his first point of error, Barrajas argues that the jury's failure to find that he suffered past medical expenses of at least $6,639.15 was against the great weight and preponderance of the evidence. His second point of error challenges, as being against the great weight and preponderance of the evidence, the jury's failure to find that he would incur future medical expenses. In point of error three, Barrajas claims that because the jury's findings were against the great weight and preponderance of the evidence, the jury was biased and prejudiced against him. Because the jury was not asked to make separate awards for past and future medical expenses, we assess the sufficiency of the medical damages as a whole; thus, we will address all of Barrajas' points of error together.

■ In reviewing the factual sufficiency of the evidence, we consider all of the evidence in the record and reverse only if the jury's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Barrajas argues that because VIA did not contradict any of the affidavits or other evidence proving the amount of Barrajas' damages, the jury had no choice but to award Barrajas the amount that he proved. At trial, Barrajas submitted the affidavits of several of his health care providers. Each of these affidavits contained the statement that the "bill for services [were] rendered as a result of the injuries sustained by Juan Barrajas on June 1, 1993." He claims that, pursuant to section 18.001 of the Civil Practice and Remedies Code, these uncontroverted affidavits established that the bus accident led to his medical damages in the amount of at least $6,639.15.[1]

Section 18.001 of the Civil Practice and Remedies Code, in pertinent part, provides:

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient

---

1. Both parties couch their arguments in terms of causation. In its brief, VIA argues that Barrajas' affidavits did not establish that the accident caused $6,639.15 worth of damages. However, we view the issue presented as a question concerning the extent of Barrajas' injuries and not one of causation since the jury's award of damages necessarily implies that it found a causal nexus between the accident and Barrajas' injuries. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731–32 (Tex.1984) (listing two forms of causation that plaintiff must prove: (1) causal nexus between defendant's conduct and event sued upon and (2) causal nexus between event sued upon and plaintiff's injuries, which is strictly referable to damages portion of plaintiff's cause of action).

However, even if the causation issue is properly before us, the affidavits that Barrajas submitted cannot be construed as conclusively establishing a causal nexus between the accident and his medical expenses under section 18.001. *See Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex.App.-Eastland 1995, no writ) (noting statute does not address causation).

evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(b) (Vernon 1986). This statutory provision only touches upon three elements of proof: (1) the amount of the charges, (2) the reasonableness of the charges, and (3) the necessity of the charges. *Beauchamp,* 901 S.W.2d at 748.

 Affidavits submitted pursuant to section 18.001 are not conclusive as to the amount of damages, but merely "sufficient evidence to support a finding of fact." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(b); *Beauchamp,* 901 S.W.2d at 748, 749. In assessing personal injury damages, the trier of fact has great discretion in fixing the amount of the damage award. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986); *Texas Farmers Ins. Co. v. Soriano,* 844 S.W.2d 808, 826 (Tex.App.—San Antonio 1992), *reversed on other grounds,* 881 S.W.2d 312 (Tex.1994). It is for the jury to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the evidence. *Soriano,* 844 S.W.2d at 826; *see Novosad v. Mid–Century Ins. Co.,* 881 S.W.2d 546, 551 (Tex.App.—San Antonio 1994, no writ). Therefore, in determining the sufficiency of the evidence, appellate courts must accept the jury's resolution of any conflicts or inconsistencies in the evidence. *Soriano,* 844 S.W.2d at 826 (citing *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986)). Additionally, a jury may choose to be guided by expert testimony on damages, but it is not bound by it. *Peterson v. Reyna,* 908 S.W.2d 472, 477 (Tex.App.—San Antonio 1995), *modified on other grounds,* 920 S.W.2d 288 (Tex.1996); *Novosad,* 881 S.W.2d at 550; *see Callejo v. Brazos Elec. Power Coop., Inc.,* 755 S.W.2d 73, 75 (Tex. 1988). In fact, the jury may disbelieve a witness, including a physician, even though his testimony is not contradicted. *See Novosad,* 881 S.W.2d at 551.

 Barrajas contends that the jury was required to accept the testimony of Dr. Arthur Hernandez concerning the need and amount of future medical expenses on the ground that "uncontradicted opinion testimony of an expert from which only one conclusion can be drawn from the facts is binding on the trier of fact." We disagree. The supreme court has held that:

> [j]udgments and inferences of experts or skilled witnesses, even when uncontroverted, are not conclusive on the jury or trier of fact, unless the subject is one for experts or skilled witnesses alone, where the jury or court cannot properly be assumed to have or be able to form correct opinions of their own based upon evidence as a whole and aided by their own experience and knowledge of the subject of inquiry.

*McGalliard,* 722 S.W.2d at 697; *see Gregory v. Texas Employers Ins. Assoc.,* 530 S.W.2d 105, 107 (Tex.1975). Juries are not bound by a physician's diagnosis as to the future consequences of an injury. *Novosad,* 881 S.W.2d at 551. Thus, in the present case, Dr. Hernandez' opinion concerning Barrajas' need for future medical care was not binding upon the jury.

Moreover, VIA presented evidence that contradicted Barrajas' need for future medical treatment. The jury heard evidence that the impact in question was less than five miles per hour, that Barrajas was the only passenger injured, and that Barrajas' injuries were either non-existent or barely perceptible. Additionally, Santa Rosa Hospital, where Barrajas was first treated, reported that Barrajas' x-rays indicated the each region examined was normal, and the evidence showed that the emergency room physician released Barrajas to work within two days and with no work limitations. In light of this evidence, the jury could find that Dr. Hernandez' conclusions did not "comport with the jury's idea of sound logic." *See McGuffin v. Terrell,* 732 S.W.2d 425, 428 (Tex. App.—Fort Worth 1987, no writ). It is not our place to substitute our judgment for that of the jury. *Novosad,* 881 S.W.2d at 551.

 The jury was entitled to scrutinize the medical bills that Barrajas produced and determine which bills and which future medical expenses were connected to the bus accident. The jury could also choose to be guided or not by the testimony on the amount of

damages. The jury's response to Barrajas' claim for both past and future medical expenses was not so against the great weight and preponderance of the evidence as to be manifestly unjust. Based upon the damages that the jury awarded, we do not find any evidence that the jury's actions were based on bias or prejudice against Barrajas. Barrajas' points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.

DUNCAN, Justice, concurring.

For the reasons set forth in my dissenting opinion in *Peterson v. Reyna,* 908 S.W.2d 472, 480 (Tex.App.—San Antonio 1995)(Duncan, J., dissenting), *modified on other grounds,* 920 S.W.2d 288 (Tex.1996), I do not agree with the majority that a jury is never bound by a physician's uncontroverted expert testimony on past medical expenses.[1]

In *Peterson,* the uncontradicted expert testimony established that "as a result of the accident, Ms. Peterson suffered an injury to her lower back and the lower back injury would, at the very least, require a diagnostic surgical procedure (the discogram) to determine whether corrective surgery would be required." *Peterson,* 908 S.W.2d at 481 (Duncan, J., dissenting). The uncontroverted expert testimony further established that a discogram would cost approximately $900. *Id.* at 482. In my view, therefore, the jury's finding of zero future medicals was not supported by factually sufficient evidence. *Id.*

This case, however, is distinguishable from *Peterson* because here the experts plainly disagreed on the extent to which Mr. Barrajas' injuries were caused by the accident. Therefore, I join in the majority's opinion insofar as it is based upon the controverted nature of the experts' testimony as to the extent of the injuries caused by the accident and concur in the judgment.

---

1. I also note that each of the panel members in *Peterson* wrote separate opinions; therefore, there is no opinion of the court in that case.